02-11-223-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-11-00223-CV 

 

 


 
 
 In re Paul Kanyua Moche
 
 
  
 
 
 RELATOR
 
 


 

 

------------

 

ORIGINAL PROCEEDING

------------

MEMORANDUM
OPINION[1]

                                                       ------------

Relator
Paul Kanyua Moche filed a petition for writ of mandamus on June 22, 2011,
seeking to have this court order Respondent, the Honorable Mollee Westfall, to
rule on his pending “Declaration Of Conflict Between Attorney And Client And
Motion For Substitution Of Appointed Counsel” that was filed on May 2, 2011.  We
requested a response; while the petition for writ of mandamus was pending,
Respondent held a hearing on Relator’s motion and made an oral ruling, with
Relator present, that there was no conflict and that substituted counsel would
not be appointed.  Thus, the relief sought by Relator through his petition for
writ of mandamus has already been achieved.[2]
 Accordingly, Relator’s petition for writ of mandamus is denied as moot. 
See In re Bell, No. 06-04-00007-CV, 2004 WL 235052, at *1 (Tex.
App.—Texarkana Feb. 10, 2004, orig. proceeding) (mem. op.) (holding that
because trial court informed appellate court that court reporter had furnished
copy of transcript to relator, relator’s mandamus objective—to have trial court
rule on his motion to compel court reporter to provide free transcript—had been
achieved, and petition for writ of mandamus was denied as moot).

 

PER CURIAM

 

PANEL: 
WALKER, MCCOY, and MEIER, JJ.

 

DELIVERED: 
July 21, 2011









          [1]See
Tex. R. App. P. 47.4, 52.8(d).





                [2]Although no written,
signed order appears in the record, we are confident that the trial court will
reduce its oral pronouncement to writing within a reasonable time.  See
generally Tex. R. Civ. P. 306a(2) (stating that judges, attorneys, and
clerks are directed to use their best efforts to cause all judgments,
decisions, and order of any kind to be reduced to writing and signed by the
trial judge).